JANET COVENY CASPERSEN v. RICHARD J. WEBBER. INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY OF INDIANAPOLIS, INDIANA, THIRD-PARTY DEFENDANT.

213 N. W. 2d 327.

December 7, 1973—Nos. 43822, 44133.

94

*Robb, Van Eps & Gilmore* and *Don James Chantry,* for appellant plaintiff.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, O. C. Adamson II,* and *Mary Jeanne Coyne,* for respondent-appellant Webber.

*Peterson & Holtze, Robert C. Holtze,* and *Paul M. Heim,* for respondent insurance company.

Heard before Knutson, C. J., and Otis, Kelly, and Gillespie, JJ.

KELLY, JUSTICE.

Pursuant to Rule 105, Rules of Civil Appellate Procedure, we granted plaintiff discretionary review of an order granting defendant a new trial unless a remittitur was agreed to and denying defendant coverage under an insurance policy issued by Indiana Lumbermans Mutual Insurance Company. Defendant has appealed from the judgment entered. We reverse in part and affirm in part.

The incident which resulted in plaintiff's injuries occurred on November 27, 1965, at the Park Terrace Cafe in St. Louis Park, Minnesota, where plaintiff, Janet Caspersen, was employed as a hatcheck girl. Defendant, Richard Webber, had eaten dinner in the company of his wife and another couple and was preparing to leave the restaurant. Defendant went to the coat checkroom where he thought he had left his overcoat but was unable to find his claimcheck. He asked plaintiff for permission to look for his coat and when she refused he brushed her aside and entered the checkroom. When plaintiff objected, he left the room and again looked for the claimcheck on his person. Unable to find it, he reentered the checkroom pushing plaintiff when she attempted to block his passage. She partially lost her balance and struck her back against a metal message rack attached to the wall. Defendant was unable to find his coat and later discovered he had hung it in another area of the restaurant. He admitted being irritated over plaintiff's refusal to allow him to search for his coat but stated he had no intention of harming her.

Plaintiff was surprised by the push and testified that defendant said or did nothing to indicate his intention to harm her.

Plaintiff brought this action to recover for personal injuries based on two counts. The first count alleged an assault by the defendant upon the plaintiff, with resulting injuries and damages, both compensatory and punitive.[1] The second count alleged negligence committed with such a reckless disregard of the consequence thereof as to constitute gross negligence, thereby entitling plaintiff to punitive damages. Defendant impleaded Indiana Lumbermens Mutual Insurance Company (the company) seeking indemnity based on an insurance policy in which the company agreed to pay on defendant's behalf all sums which he became legally obligated to pay as damages for bodily injury. The policy had a clause that excluded coverage for intentional bodily injuries caused by the defendant. On special interrogatories the jury found:

1. That defendant assaulted plaintiff;

2. That plaintiff did not provoke the assault;

3. That the assault was a direct cause of plaintiff's injuries;

4. That defendant was negligent;

5. That the negligence of defendant was a direct cause of plaintiff's injuries;

6. That plaintiff was not negligent;

7. That plaintiff sustained compensatory damages in the sum of $29,510.00;

8. That defendant should be punished for his act by way of punitive damages in the sum of $4,000.00.

The jury also found on a separate interrogatory relating to the liability of the company that defendant did not intentionally cause plaintiff's injuries.

On the basis of this verdict, the trial court ordered judgment for plaintiff of $29,510 compensatory damages, plus $4,000 punitive damages. However, the court found that there was no cov-

---

[1] Assault is used by plaintiff in its broader sense of assault and battery.

erage under the insurance policy because of the exclusionary clause and dismissed the third-party action against the company. The court also made findings:

"That the assault was the direct cause of the plaintiff's claimed injuries and damages.

\* \* \* \* \*

"That the defendant Webber's conduct constituting both assault and negligence was such that he should be punished by punitive damages."

The trial court thereafter granted defendant a new trial unless plaintiff agreed to a reduction of the verdict to $15,000 compensatory and $2,000 punitive damages. The trial court denied both plaintiff's and defendant's motions to amend its order so as to require indemnity by the company.

The essential issues presented are:

(1) Does the exclusionary clause in the insurance policy relieve the company of liability when the plaintiff's injury resulted from an assault and battery but the defendant did not intend to injure her?

(2) Was there any basis for a finding of punitive damages?

(3) Did the insurance policy obligate the company to pay the punitive damages awarded to plaintiff?

(4) Did the trial court correctly rule that the compensatory damages and punitive damages were both excessive and should be reduced or a new trial granted?

■ Defendant was insured under a homeowner's insurance policy wherein the company agreed—

"\* \* \* to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury \* \* \*."

This coverage was subject to a special exclusion for "bodily injury \* \* \* caused intentionally by or at the direction of the insured." The trial court submitted the fact question to the jury

of whether defendant intentionally caused bodily injury to plaintiff which the jury answered in the negative. The trial court, however, correctly recognized that the extent of coverage under the terms of the policy was a question of law. We disagree with the conclusion that the policy did not provide coverage under the facts of this case and hold that where no bodily injury is intended, an assault does not come within the exclusionary clause.[2]

It is well established that when the language of an exclusionary clause to an insurance policy is ambiguous, any doubts as to its meaning should be resolved in favor of the insured and against the insurer who drafted the policy. Fawcett House, Inc. v. Great Central Ins. Co. 280 Minn. 325, 159 N. W. 2d 268 (1968); Cavallero v. Travelers Ins. Co. 197 Minn. 417, 267 N. W. 370 (1936). Because an exclusionary clause such as in the present case does not expressly show it was meant to exclude unintended injuries which are the result of an intentional act, the provision is arguably ambiguous. If this clause is ambiguous, and that question may be arguable, it is subject to this rule of construction. Baldinger v. Consolidated Mut. Ins. Co. 15 App. Div. 2d 526, 222 N. Y. S. 2d 736 (1961), affirmed, 11 N. Y. 2d 1026, 230 N. Y. S. 2d 25, 183 N. E. 2d 908 (1962).

Construing the provision in favor of the insured, we hold that the exclusion does not relieve the insurer of liability unless the insured has acted with intent to cause a bodily injury. When the act itself is intended but the resulting injury is not, the insurance exclusion has no application. Cf. Hartford Fire Ins. Co. v. Wagner, 296 Minn. 510, 207 N. W. 2d 354 (1973). In an annotation on this subject in 2 A. L. R. 3d 1238, 1241, it is observed that the courts have generally held:

"* * * [I]t is not sufficient that the insured's intentional, albeit wrongful, act has resulted in unintended harm to a third

---

[2] Much of the confusion in trying this action might have been eliminated if the question of the insurer's liability had been litigated in separate proceedings as suggested in Newcomb v. Meiss, 263 Minn. 315, 116 N. W. 2d 593 (1962).

person; it is the harm itself that must be intended before the exclusion will apply. There is, however, some authority for the proposition that such a clause will operate to relieve a liability insurer of its duty to indemnify * * * where the nature or character of the act is such that an intent to cause harm is thereby inferred as a matter of law."

Under this reasoning, an assault and battery would not come within the exclusion unless a reason for the act is to inflict bodily injury or when the character of the act is such that an intention to inflict an injury can be inferred. Defendant's conduct in this case does not indicate an intention to cause bodily injury to plaintiff although he did intend the act which caused her injuries. The jury specifically found that defendant did not intend to injure plaintiff. We therefore hold that the exclusion did not relieve the company of liability under the policy. Under the facts of this case, the insurance policy provides coverage whether defendant's act is found by the jury to be an assault or negligence. It follows that the company is obligated to pay all sums the defendant becomes obligated to pay for compensatory damages. Furthermore, the company had an obligation to defend the defendant as to these claimed damages and consequently is liable to the defendant for attorneys' fees and costs incurred in defense thereof.

■ We also decide, contrary to defendant's argument, although no issue as such was raised, that an assessment of punitive damages for the assault was permissible. Smith v. Hubbard, 253 Minn. 215, 91 N. W. 2d 756 (1958); Crea v. Wuellner, 235 Minn. 408, 51 N. W. 2d 283 (1952) ; Moore v. Fisher, 117 Minn. 339, 135 N. W. 1126 (1912). Defendant, although not intending to injure plaintiff, did intend to push plaintiff aside in disregard of her rights. Under the circumstances of this case, it was not improper to submit the question of punitive damages to the jury.

■ The company here contends that even if it is liable for the bodily injuries caused by its insured's acts, it should not be held liable for the punitive damages. The company's policy only required it to pay all sums the insured shall be legally obligated

to pay as damages because of bodily injury. Assuming arguendo that there had been no bodily injuries, the plaintiff nonetheless might be entitled to punitive damages. In Loftsgaarden v. Reiling, 267 Minn. 181, 126 N. W. 2d 154 (1964), we held that in an action for libel per se, punitive damages are recoverable without proof of actual damages. In the present case there were actual damages which presumably compensated the plaintiff for any actual loss sustained. The punitive damages were awarded to plaintiff as punishment to the defendant and as a deterrence to others.[3] The punitive damages then were not awarded because of bodily injury, and the company's policy afforded no coverage for the punitive damages.

■ Plaintiff argues that the trial court abused its discretion in reducing the jury's assessment of compensatory damages from $29,510 to $15,000, and punitive damages from $4,000 to $2,000. We have often stated that a trial court has large discretion in determining if a damage award should be set aside as excessive. E.g., Krueger v. Knutson, 261 Minn. 144, 111 N. W. 2d 526 (1961). The trial court has the significant advantage of viewing the entire proceedings, some of which is not apparent in a record. We should not interfere with the court's determination unless there is a clear abuse of discretion. Zaikaner v. Small, 256 Minn. 275, 98 N. W. 2d 247 (1959); Colgan v. Raymond, 275 Minn. 219, 146 N. W. 2d 530 (1966). Even in the absence of passion or prejudice, the trial court should not hesitate to adjust a verdict where it is felt that the evidence does not justify the amount. Thill v. Modern Erecting Co. 272 Minn. 217, 136 N. W. 2d 677 (1965); Gross v. Hoag, 251 Minn. 217, 87 N. W. 2d 542 (1958). We hold that the trial court was within its discretion in reducing the amount of plaintiff's damage award or granting a new trial.

We hereby grant a new trial to the defendant Webber and the company on the question of the amount of compensatory damages and to the defendant Webber on the question of the amount of punitive damages unless plaintiff files with the clerk of this

---

[3] Northwestern Nat. Cas. Co. v. McNulty, 307 F. 2d 432 (5 Cir. 1962).

court within 15 days after judgment is entered in this court a consent to the reduction of compensatory damages to the amount of $15,000 and punitive damages to the amount of $2,000.

This case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed in part; affirmed in part.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.