Aaron L. BROWN, Respondent,

v.

STATE AUTOMOBILE & CASUALTY
UNDERWRITERS, Appellant.

No. 49296.

Supreme Court of Minnesota.

April 18, 1980.

Barnett, Ratelle, Hennessy, Vander Vort Stasel & Herzog and W. Scott Herzog, Minneapolis, for appellant.

Sachs, Latz & Kirshbaum and Robert Latz, Minneapolis, for respondent.

Heard before PETERSON, KELLY, and SCOTT, JJ., and considered and decided by the court en banc.

KELLY, Justice.

Defendant, State Automobile & Casualty Underwriters, appeals from the decision of the district court granting plaintiff's, the insured's, motion for summary judgment and denying defendant's cross motion for summary judgment. We affirm in part and reverse and remand in part.

The facts giving rise to this declaratory judgment action arose out of an altercation between the insured, Aaron L. Brown, and Lawrence Hellendrung, Jr., a baggage clerk, at the Minneapolis-St. Paul International Airport in April of 1970. The insured misplaced a baggage claim ticket and proceeded to a taxi stand without producing his claim ticket. The baggage clerk, Hellendrung, pursued the insured, insisting that he produce the claim check. When the cab arrived, an argument and tug-of-war ensued over the piece of luggage the insured held in his hand. This tugging resulted in a deep cut on the insured's finger. The insured then struck Hellendrung with his open right hand. In the instant declaratory judgment action, the insurer maintained the insured verbally threatened Hellendrung several times before actually striking him. The insured argued, both in the Hellendrung action and in this action, that he struck Hellendrung reflexively, as a result of the cut on his finger.

Hellendrung filed a complaint in April of 1972. He alleged the insured "* * * did strike upon the head and body of plaintiff and caused said plaintiff personal injuries * * *." On April 25, 1972, the insured, plaintiff in this action, tendered defense of the matter to his insurer, the defendant in this case. In September of 1972, the insurer declined to defend the Hellendrung action on the ground the incident fell within the terms of the intentional acts exclusion in the insured's homeowner's liability policy. The insured unsuccessfully defended the suit against him at his own expense. On February 6, 1976, the trial court awarded Hellendrung $6,000 in compensatory damages and made the following conclusions of law.

"Plaintiff is entitled to the judgment of Court finding:

1. That defendant without provocation or justification did strike the plaintiff.

2. That said striking was a direct cause of injuries to plaintiff.

3. That although defendant intended to strike the plaintiff, *defendant did not intend to cause bodily injury* to plaintiff and thus the injuries were unintended. (Emphasis added.)

4. That plaintiff was in no way negligent."

After the insurer refused to satisfy the judgment and reimburse its insured for attorney's fees incurred in defending the Hellendrung action, the insured, Aaron Brown, instituted this declaratory judgment action. He sought a declaration that the insurer breached its duties to defend and indemnify him. He sought to recover consequential damages flowing from the breaches of the contract of insurance and punitive damages. Both parties moved for summary judgment. The district court granted summary judgment in the insured's favor. The court held that the insurer breached its duty to defend the insured because it failed to resolve the pleading's ambiguity in the insured's favor. The court further held that the insurer breached its duty to indemnify the insured. The court collaterally estopped the insurer from litigating the issue of intent to injure, resolved in the insured's favor in the Hellendrung action and determinative on the issue of coverage afforded by the policy. The court ordered the insurer to satisfy the Hellendrung judgment and to pay the insured's attorney's fees incurred in defense of that action and in the instant declaratory judgment action. He denied the insured's request for punitive damages.

Defendant, the insurer, appeals arguing that the district court erred in granting the plaintiff's, its insured's, motion for summary judgment. The insurer urges us to hold that its insured intended to injure the baggage clerk as a matter of law and to direct the trial court to enter judgment in its favor. In the alternative, the insurer argues that the trial court erred in barring the litigation of the question of intent to injure because it was not a necessary issue in the determination of its insured's liability to Hellendrung.

## I. The Duty To Indemnify

■ The insured's homeowner's liability policy contained a standard intentional acts exclusion which excluded coverage for "bodily injury or property damage caused intentionally by or at the direction of the insured." In *Caspersen v. Webber*, 298 Minn. 93, 213 N.W.2d 327 (1973), this court interpreted an identical intentional acts exclusion. We held that the exclusion is not applicable where the act inflicting an assault and battery is intended but the resulting injury is not intended. Id. at 98–99, 213 N.W.2d at 329–30. *Accord, Farmers Ins. Exchange v. Sipple*, 255 N.W.2d 373 (Minn. 1977).

The insurer argues that it was entitled to summary judgment on the issue of its duty to indemnify because intent to injure as a matter of law should have been inferred from the "undisputed" material facts pertaining to the character of the insured's act in striking Hellendrung.

We inferred intent to injure as a matter of law in *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885 (Minn.1978) and *Continental Western Ins. Co. v. Toal*, 309 Minn. 169, 244 N.W.2d 121 (1976). These cases are factually more extreme than this case. In *Stone* the insured wrapped a belt buckle around his hand and struck the plaintiff. In *Toal* the insureds killed an employee in the course of an armed robbery. The facts in this case are more akin to those in *Farmers Ins. Exchange v. Sipple*, 255 N.W.2d 373 (Minn.1977) where the insured struck another man in the course of a heated discussion. The insured contended he struck the injured person instinctively in the form of a reflex. We upheld the trial court's submission of the issue of intent to injure to the jury because the facts were in dispute. Similarly, in *Caspersen v. Webber*, 298 Minn. 93, 213 N.W.2d 327 (1973), we held that where the insured shoved his way past a hat check girl the issue of intent to injure was a question of fact.

In light of these cases, the district court properly denied defendant's cross-motion for summary judgment.

The insurer argues more persuasively that the district court erred when it entered summary judgment in the insured's favor on the indemnification issue. The Hellendrung trial court concluded the insured did not intend to injure the baggage clerk. The district court in the instant case held that the insurer could not collaterally attack this finding. The district court correctly perceived that the issue of intent to injure determines whether coverage is afforded by the policy. However, it failed to consider an essential requirement in the application of the doctrine of collateral estoppel.

■ Collateral estoppel precludes the relitigation of issues which are identical to issues actually litigated in a previous action. *Hauser v. Mealey*, 263 N.W.2d 803, 808 (Minn.1978); *Abraham v. Sederstrom*, 305 Minn. 273, 275, 233 N.W.2d 296, 297 (1975).

■ Furthermore, the resolution of the issue in the previous action must be necessary and essential to the judgment. If it is gratuitous, the doctrine is inapplicable. *State v. Bott*, 310 Minn. 331, 338–39, 246 N.W.2d 48, 53–54 (1976). The doctrine applies to contracts of insurance if the insured gives the insurer notice of the pendency of the action and an opportunity to defend on his behalf. *State Bank v. American Surety Co.*, 206 Minn. 137, 141, 288 N.W. 7, 9 (1939).

■ Intent to do an act is a central issue in an assault and battery action. However, proof of intent to injure is not required for a plaintiff to recover on an assault and battery theory. W. Prosser, The Law of Torts § 9 (4th ed. 1971).

■■ The issue of intent to injure was not a necessary or essential issue in the determination of the insured's liability to Hellendrung. The district court improperly denied the insurer the opportunity to litigate this issue. The insured contended he struck Hellendrung reflexively. The insurer contended the insured intended to injure Hellendrung. Therefore, the trial court im-

properly granted summary judgment in favor of the insured on the coverage question because there was a material issue of disputed fact regarding intent to injure which the insurer was entitled to litigate. *Larson v. Independent School Dist. No. 314*, 312 Minn. 583, 586, 252 N.W.2d 128, 130 (1977).

■ If an insurer breaches its duty to indemnify, it is liable for the amount of the judgment entered against its insured as well as the interest accruing until the date of payment. Additionally, attorney fees incurred in an attempt to force the insurer to provide indemnification, including the costs of the appeal, may be recovered if the insured is successful on the issue of breach of the duty to indemnify and if he defended the main action himself. *Lanoue v. Fireman's Fund Am. Ins. Cos.*, 278 N.W.2d 49, 55 (Minn.1979); *Rent-A-Scooter, Inc. v. Universal Underwrit. Ins. Co.*, 285 Minn. 264, 267–68, 173 N.W.2d 9, 11–12 (1969); *Morrison v. Swenson*, 274 Minn. 127, 137–38, 142 N.W.2d 640, 647 (1966).

If the fact finder determines on remand that the insured did not intend to injure Hellendrung, the insurer must indemnify him. Only then is the insurer liable for the amount of the judgment entered against the insured in the Hellendrung action and attorneys' fees incurred in the declaratory judgment action and in this appeal.

## II. The Duty To Defend

Hellendrung's complaint alleged that the insured "* * * did strike upon the head and body of [Hellendrung] and caused [Hellendrung] personal injuries hereinafter described * * *." The complaint obviously was broad enough to include two causes of action, one in assault and battery and the other in negligence.

■ The duty to defend is distinct from and broader in scope than the duty to indemnify especially where a claim is arguably within the terms of policy coverage. If any part of the claim is arguably within the scope of coverage afforded by the policy, the insurer should defend and reserve its right to contest coverage based on facts

developed at trial. *Lanoue v. Fireman's Fund Am. Ins. Cos.*, 278 N.W.2d at 53.

 Hellendrung's claim against the insured was arguably within the scope of coverage afforded by the policy. It stated a cause of action in negligence; a claim clearly covered by the terms of the policy. It also stated a claim on an assault and battery theory. As discussed earlier, we held in *Caspersen v. Webber*, 298 Minn. 93, 213 N.W.2d 327 (1973) that it is intent to injure rather than intent to act which triggers the exclusion's applicability.

Based on the foregoing authority, the district court properly entered summary judgment in the insured's favor on the issue of the insurer's duty to defend.

We have conceptualized an award of attorney's fees and costs incurred by the insured in defending an action himself as consequential damages flowing from a breach of the contract of insurance. *Lanoue v. Fireman's Fund Am. Ins. Cos.*, 278 N.W.2d at 55; *Rent-A-Scooter, Inc. v. Universal Underwrit. Ins. Co.*, 285 Minn. at 267–68, 173 N.W.2d at 11–12.

 The district court properly awarded the insured the costs and attorney's fees incurred in his defense of the Hellendrung action because the insurer breached its duty to defend him.

The judgment of the district court is affirmed in part; reversed and remanded in part.

TODD, J., took no part in the consideration or decision of this case.