**FARMERS INSURANCE GROUP, Respondent,**

v.

**Stephen J. HASTINGS, Appellant,**

**Scott Kenyon, Defendant.**

**No. C8–84–613.**

Court of Appeals of Minnesota.

Dec. 4, 1984.

Mark A. Fonken, Jardine, Logan & O'Brien, St. Paul, for respondent.

Thomas E. Sanner, Johnson, Sands, Lizee, Fricker & McCloskey, P.A., Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant Hastings appeals from a declaratory judgment of the Hennepin County District Court in favor of respondent Farmers Insurance Group involving liability coverage under a homeowner's insurance policy. He contends the trial court erred in holding as a matter of law that co-defendant Kenyon acted with intent to cause bodily injury in striking Hastings, thereby bringing the act within the "intentional acts" exclusion of the insurance policy. We agree, reverse and remand.

## FACTS

The facts are not in serious dispute. On December 23, 1980, Kenyon and Hastings were involved in an altercation resulting in personal injury to Hastings. Kenyon went to Hastings' apartment at approximately 7:00 o'clock p.m. Kenyon and Hastings had known one another for a number of years, and each considered the other to be a good friend. The two stayed at the apartment for a short while, then went to a bar, and to a private party thereafter. There, Kenyon became involved in an alteration with another guest who had been spreading an offensive rumor about Kenyon. The guest told others Kenyon had recently spent time in the Hennepin County workhouse. Kenyon had, in fact, recently been released from the workhouse after serving a short period of time for a traffic offense.

Kenyon confronted the guest outside the house where the party was being held. Hastings attempted to intercede and a scuffle broke out between Hastings and Kenyon. They grabbed one another by the clothing and wrestled to the ground, with Hastings gaining the advantage. Hastings and Kenyon exchanged conciliatory words, got up from the ground and began to walk together towards the street. Testimony conflicts whether any further conversation took place. A few seconds later, however, Kenyon grabbed Hastings' jacket with his left hand and struck Hastings in the left eye with his right hand. As a result, Hastings suffered a "blow-out" fracture of the eye socket causing permanent visual disability to both eyes.

Hastings sued Kenyon on August 26, 1981 in Hennepin County District Court. Farmers Insurance Group then initiated a declaratory judgment action seeking declaratory relief from liability as indemnifier of Kenyon under his father's homeowner's insurance policy. There is no dispute of Kenyon's status as an insured party.

At trial in 1983, only Hastings appeared and testified. Kenyon did not appear because his whereabouts were unknown, but his deposition was offered and received. On January 4, 1984, the trial court issued its order for judgment with a supporting memorandum. The court held that Farmers Insurance Group was relieved of liability as a matter of law because Kenyon's conduct fell within an exclusionary clause pertaining to damages "arising as a result of intentional acts of an insured." The court concluded the character of the act established as a matter of law that Kenyon intended to injure Hastings.

## ISSUE

Did the trial court err in holding as a matter of law that the defendant intended to hit appellant and injure him?

## ANALYSIS

1. The extent of coverage under an insurance contract is a question of law. *Caspersen v. Webber,* 298 Minn. 93, 98, 213 N.W.2d 327, 330 (1973). Conclusions of law made by a trial court are not binding upon a reviewing court. *A.J. Chromy Construction Company v. Commercial Mechanical Services, Inc.,* 260 N.W.2d 579, 582 (Minn.1977).

2. The homeowner's insurance policy states with regard to personal liability and medical payments that "we do not cover

bodily injury * * * [a]rising as a result of intentional acts of an insured."

Several Minnesota cases have construed the meaning of intentional act exclusionary provisions, consistently holding such an exclusion "does not relieve the insurer of liability unless the insured has acted with intent to cause bodily injury." *Caspersen*, 298 Minn. at 98, 213 N.W.2d at 330.

[A]n injury is "expected or intended" from the standpoint of the insured if a reason for an insured's act is to inflict bodily injury *or* "when the character of the act is such that an intention to inflict an injury can be inferred" as a matter of law.

*Continental Western Insurance Company v. Toal*, 309 Minn. 169, 177, 244 N.W.2d 121, 125 (1976) (emphasis in original) (quoting *Caspersen*, 298 Minn. at 99, 213 N.W.2d at 330).

■ Where the act of an insured party is spontaneous or reflexive, or where the insured acts in self-defense, the intentional act exclusionary clause does not apply. *Farmers Insurance Exchange v. Sipple*, 255 N.W.2d 373, 377 (Minn.1977). In *Caspersen* the court said:

Construing the provision in favor of the insured, we hold that the exclusion does not relieve the insurer of liability unless the insured has acted with intent to cause a bodily injury. When the act itself is intended but the resulting injury is not, the insurance exclusion has no application.

*Caspersen*, 298 Minn. at 98, 213 N.W.2d at 330.

3. Hastings contends Kenyon's act was spontaneous or reflexive and, therefore, Kenyon lacked specific intent to cause bodily injury. Hastings also contends that even if Kenyon did intend to commit the act, he did not do so with intent to injure Hastings. In support, appellant points to the long history of friendship between Kenyon and himself, and to Kenyon's extreme frustration over the rumor being spread by the third party. Kenyon said in his deposition, "I don't even know if I was trying to hit [Hastings]. It was just a spur of the

moment that I just hit him." In refernece to conversation alleged to have taken place after the initial scuffle, Kenyon said he told Hastings to "shut up" and hit Hastings "just to shut him up." Hastings argues Kenyon may have lashed out in frustration and anger because of the third party rather than with any specific intent to injure Hastings.

The trial court concluded (1) the delay between the initial scuffle and the act which caused Hastings' injuries negated the possibility that the act was reflexive rather than intentional, and (2) intent to injure could be inferred as a matter of law from the character of the act. It analogized the facts to those in *Smith v. Senst*, 313 N.W.2d 202 (Minn.1981).

*Senst* involved a confrontation between a group of bar patrons and a bartender. A scuffle broke out between the bartender and a member of the group. Another member of the group not directly involved in the scuffle voluntarily entered the fight and struck the bartender, breaking his jaw. The Minnesota Supreme Court, in ruling that the act of striking the bartender was intentional as a matter of law, noted:

Prior to hitting Smith, Senst was completely removed from the scuffle. His act of striking Smith was unnecessary to protect himself and lacked the spontaneity inherent in a reflex action.

*Id.* at 203–04.

■ 4. We hold the trial court erred in concluding that Kenyon intended as a matter of law to strike and injure Hastings. *Senst* does not stand for the proposition that any act of striking another with a fist or hand is intentional as a matter of law. Instead, each case must be considered in its factual setting. The Supreme Court held there was no evidence from which it could reasonably be concluded that Senst acted with any intent other than to injure the bartender.

Thus, it has been held that the intentional injury exclusion does not apply, for example: Where the insured intentionally fires at one individual but unintention-

ally wounds the plaintiff; where the insured intentionally throws a lighted firecracker into a room with the plaintiff inside but intending only to frighten the plaintiff; or where the insured intentionally shoots at plaintiff with a B–B gun intending only to frighten and not injure him.

*Continental Western,* 309 Minn. at 175 n. 2, 244 N.W.2d at 125 n. 2 (citations omitted).

In this matter, the testimony shows (1) Kenyon and Hastings were friends for a number of years, (2) there was no evidence of conflict between the two on any occasion prior to the night of Hastings' injury, (3) Kenyon's anger and frustration were triggered not by Hastings but by the rumor being spread by another, and (4) a short time between the previous scuffle and the act causing injury. These facts weigh against the conclusion Kenyon specifically intended to injure Hastings.

## DECISION

For purposes of insurance coverage, we find the trial court erred by finding Kenyon's act fell within the insurance policy's intentional act exclusion.

The judgment of the trial court is reversed.