## FARMERS INSURANCE GROUP, Respondent,

v.

## Stephen J. HASTINGS, Appellant,

Scott Kenyon, Defendant.

### No. C8–84–613.

Supreme Court of Minnesota.

April 19, 1985.

Thomas E. Sanner, Minneapolis, for appellant.

Mark A. Fonken, St. Paul, for respondent.

SIMONETT, Justice.

We grant Farmers Insurance Group's petition for further review of a decision of the Court of Appeals holding that the "intentional acts" exclusion in a homeowner's insurance policy was inapplicable on the facts of the case and thereby reversing the trial court's contrary finding. *See Farmers Insurance Group v. Hastings*, 358 N.W.2d 473 (Minn.App.1984).

On December 23, 1980, two friends, Stephen J. Hastings and Scott Kenyon, got involved in an argument at a private party. They wrestled each other to the ground, with Hastings gaining the advantage. With Hastings sitting on top of Kenyon, Kenyon apologized, stating, "This isn't our fight." The two men then got up and walked away together. After walking about 20 feet, Kenyon suddenly grabbed Hastings with his left hand and, with his right fist, struck Hastings in the eye. Ken-

yon explained he had hit Hastings "just to shut him up." Later, Kenyon testified, "I don't even know if I was trying to hit [Hastings]. It was just a spur of the moment that I hit him."

In its findings of fact, the trial court found that "Kenyon then intentionally hit Hastings in the eye with his fist, as a result of which Hastings received a permanent injury. This was the only blow that was struck. * * * [D]efendant Kenyon intended to hit Hastings in such a manner as to injure him." In its memo, the trial court noted that intent to injure may be inferred from the character of the act or established by proof of an actual intent to injure, and that here the character of the act showed that Kenyon did in fact intend to hit and injure Hastings, although not to the extent that he did. The trial court referred to both *Caspersen v. Webber*, 298 Minn. 93, 213 N.W.2d 327 (1973), and *Smith v. Senst*, 313 N.W.2d 202 (Minn. 1981).

The Court of Appeals reversed, holding that "the trial court erred in concluding that Kenyon intended as a matter of law to strike and injure Hastings." But this is not what the trial court did. The trial court, weighing the evidence, was not persuaded that Kenyon's blow was some unthinking reflex action, but, rather, determined that the blow was delivered intentionally. We cannot say that this finding, which has support in the evidence, is clearly erroneous. Minn.R.Civ.P. 52.01. The evidence and the permissible inferences to be drawn from it were in dispute, and it was for the factfinder to resolve the dispute. For us to set aside the trial court's findings and rule that the blow was struck unintentionally would be either to make a new finding of fact, which is not our appellate function, or to hold as a matter of law that the act was indisputably unintentional, which the record will not permit. The trial court's decision should be reinstated.

Reversed.