**Don STEALY, third party plaintiff, Respondent,**

v.

**CONTINENTAL WESTERN INSURANCE COMPANY, third party defendant, Appellant,**

**R.O. Lee Insurance Agency, Inc., Third Party Defendant.**

No. C5–87–1328.

Court of Appeals of Minnesota.

Dec. 29, 1987.

Darrell M. Sears, Brainerd, for third party plaintiff, respondent.

D.A. Larson, Fitzpatrick, Larson, Fitzpatrick & Nelson, Brainerd, for third party defendant, appellant.

John H. Erickson, Erickson, Casey, Erickson & Charpentier, Brainerd, for third party defendant.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

State Farm Fire and Casualty Co. sued Don Stealy for damages to a cabin Stealy attempted to move with his crane. Stealy joined his insurance company, Continental Western Insurance Company (Continental) and R.O. Lee Insurance Agency (Agency) as third-party defendants. Stealy claimed there was coverage by Continental or such coverage should have been provided by the Agency. By agreement of counsel, the third-party action was tried separately without a jury and the trial court found that there was coverage by Continental and Continental appeals. We affirm.

## FACTS

Don Stealy owned and operated a crane with which he could lift 50,000 pounds. Robert Trafas contracted orally with Stealy to move Trafas' cabin to a new foundation. Trafas agreed to be, fully responsible for any damage to the cabin and was responsible for preparing the cabin for the move. Trafas installed fir beams, bolted together, under the cabin.

When Stealy brought his crane to the cabin site, Trafas, his unnamed helper, and Stealy's son were present to assist. Trafas and his helper attached the crane's steel cables to the beams Trafas had installed under the cabin. Stealy attached the cables to spreaders to hold the cables away from the cabin, and then attached the cables to the crane. Stealy inspected Trafas' attachment of the cables to the beams and then Trafas gave the signal to begin the lift. The cabin was lifted about three and a half feet in the air when the beams under-

neath bowed significantly. Stealy sat the cabin down, a little off center, on the old foundation and told Trafas the beams would not hold. Stealy suggested the beams be turned, and Trafas and his helper changed the position of the cables. Stealy did not participate in rearranging the cables. Trafas gave the signal to lift again. This time, a beam slid in, throwing the cabin off balance and causing a spreader to buckle. The cabin settled back down partially on the old foundation and partially off, causing the cement foundation block to go through the floor of the cabin. State Farm paid Trafas, its insured, $25,350 for damage to the cabin and $1,867.50 for incidental damage. State Farm then sued Stealy claiming negligence and breach of contract.

Stealy's auto insurance through Continental specifically listed the crane as an insured vehicle. The basic policy covered legal liability for damages caused by an occurrence and involving a listed vehicle. Exclusion (d)(2) provided no coverage for property damage to

> *property rented to or in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control* other than property damage to a residence or private garage by a private passenger automobile covered by the insurance.

(emphasis added).

### ISSUE

Was the cabin in the care, custody, or control of respondent at the time the accident occurred so as to preclude coverage by his general auto liability insurance policy?

### ANALYSIS

Continental made no motions for amended findings or a new trial. Therefore we only review whether the evidence sustains the findings of fact and whether the findings of fact support the conclusions of law. *See Sauter v. Wasemiller*, 389 N.W.2d 200, 201 (Minn.1986). We will not set aside the findings unless the findings are clearly erroneous. Minn.R.Civ.P. 52.01; *City of*

*Minnetonka v. Carlson*, 298 N.W.2d 763, 766 (Minn.1980).

#### A. "Care, Custody or Control"

The trial court concluded that Stealy did not have care, custody or control of Trafas' cabin at the time it was damaged. We agree. In examining the "care, custody and control" provision of insurance contracts, the Minnesota Supreme Court determined it would "examine the circumstances" in light of the following factors:

> (1) Whether the property is realty or personalty; (2) the location, size, shape, and other characteristics of the property; and (3) the insured's duties with respect to the property as a whole, the property damaged, and other workers.

*Ohio Casualty Insurance Co. v. Terrace Enterprises, Inc.*, 260 N.W.2d 450, 453 (Minn.1977) (footnote omitted; citations omitted).

A cabin is an object which is normally fixed in position and moved only rarely and with great difficulty. We conclude the cabin is more properly characterized as real estate than personal property. Only rarely will the exclusionary clause apply to realty. *See id.* at 453–54.

Stealy's relationship to the cabin and other workers does not favor finding control, care, and custody. Trafas owned the cabin and contracted with Stealy to move it.

Trafas, a building contractor, with his helper, put the beams under the cabin, attached the cables and then realigned the cables. Trafas also gave the signal for the lifts. We find that Stealy did not have custody or control of the cabin.

#### B. Physical Control

The exclusion also eliminates coverage for property "as to which the insured is for any purpose exercising physical control." While Stealy admitted he exercised physical control over the cabin during the actual lift, he really was not in complete control of the moving process. The cables were attached to beams Stealy had no part in choosing or placing, and it was the bowing

and shifting of the beams which caused the accident. Stealy did not have exclusive physical control of the cabin.

 In addition, Trafas' complaint alleged incidental damage to the foundation which appears to be covered by the Continental policy. If a part of a claim is covered, the insurance company has a duty to defend.

The duty to defend is distinct from and broader in scope than the duty to indemnify especially where a claim is arguably within the terms of policy coverage. *If any part of the claim is arguably within the scope of coverage afforded by the policy, the insurer should defend* and reserve its right to contest coverage based on facts developed at trial.

*Brown v. State Automobile & Casualty Underwriters,* 293 N.W.2d 822, 825–26 (Minn.1980) (emphasis added). Continental clearly had a duty to defend Stealy.

### DECISION

The evidence sustains the trial court's declaration of liability coverage by Continental.

Affirmed.