STATE FARM FIRE AND CASUALTY COMPANY, Appellant,

v.

Tony WILLIAMS, Defendant,

Harry Keller, Respondent.

No. C7–83–1077.

Supreme Court of Minnesota.

Aug. 10, 1984.

R.D. Blanchard, Laura S. Underkuffler, Minneapolis, for appellant.

David Hvistendahl, Northfield, for Keller.

Edward R. Soshnik, Minneapolis, for Williams.

KELLEY, Justice.

In this declaratory judgment action, appellant State Farm Fire and Casualty Company (State Farm) seeks to avoid its duties of defense and indemnity under a homeowner's insurance policy issued to respondent Harry Keller. In a separate action brought by Tony Williams (the main action), Williams alleges that Keller assaulted and battered him and inflicted emotional distress by committing nonconsensual sexual acts upon him.[1] The trial court held that State Farm had duties to defend and indemnify respondent in the main action and further that State Farm had a duty to pay reasonable attorney fees incurred by Keller in defense of the declaratory judgment and the main action. We reverse.

---

1. The allegation of negligent infliction of emotional distress was amended to claim intentional infliction by order dated September 7, 1983, subsequent to the appeal in this action. In addition, Williams in the main action alleged negligent acts by St. Olaf College, the employer of Keller. The claims against St. Olaf are not involved in this appeal.

Tony Williams was almost 23 years old at the time respondent Keller allegedly began committing nonconsensual sexual acts upon him.[2] Williams has suffered from cerebral palsy since birth. While dependent upon the use of a wheelchair, he nonetheless lived independently in an apartment in Northfield at the time of the alleged sexual acts. Respondent Keller was a professor of physics at St. Olaf College until shortly after the sexual encounters at issue ended, at which time he resigned from his position at St. Olaf.

Although Williams has never been enrolled as a St. Olaf student, a computer programmer in the employ of the college helped Williams obtain a computer through the Minnesota Department of Vocational Rehabilitation to assist Williams in developing computer programming employment skills. This computer programmer introduced Williams to respondent Keller.

Keller began visiting Williams at the latter's apartment in Northfield to discuss Williams' mathematical training and to help him to learn computer programming. These visits were generally on a weekly basis in 1980 and 1981. At various times during these weekly meetings, which occurred until June 1981, Keller engaged in oral sodomy and masturbation of Williams. Williams claims this conduct was offensive, that he never consented to it, and that he repeatedly urged Keller to stop it. Finally, Williams complained to the Northfield police in September 1981. Keller has admitted he had sexual contact with Williams but claims it only lasted from February through June 1981, and he likewise contends Williams consented to the activities.

Appellant State Farm and respondent Keller entered into the following stipulation of facts:

1. That defendant Harry Keller intended to have sexual contacts with Tony Williams and to enter into a sexual relationship with him. The nature of the

sexual activities is described in the parties' depositions which are incorporated herein by reference.

2. That defendant Keller did not intend to inflict bodily injury or mental suffering by reason of his sexual contacts with Tony Williams.

3. That Tony Williams did not sustain physical injury by reason of defendant Keller's sexual relations with him.

4. That defendant Keller did not intend to cause Tony Williams to have mental suffering.

5. That Tony Williams alleges that the sexual contacts made by defendant Keller were objectionable and accomplished without his consent.

6. That defendant Keller believed that all sexual contacts with Tony Williams were made with Williams' consent.

1. The State Farm homeowner's policy issued to respondent Keller contains the following liability insurance coverage:

**COVERAGE L—PERSONAL LIABILITY**

If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, we will:

a. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

b. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

This liability coverage, however, is subject to a standard intentional act exclusion which specifically denies coverage for "**bodily injury** * * * which is expected or intended by the **insured**."[3] The policy de-

---

**2.** The parties entered into a stipulation of facts. This stipulation was "accepted" by the trial judge, who additionally made his own findings

of fact based upon the stipulation as well as the depositions in the record.

**3.** Other prior intentional act exclusion cases involve provisions which excluded acts "caused

fines bodily injury as "bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom."

Respondent Keller claims that since State Farm has stipulated that "Keller did not intend to inflict bodily injury," his specific intent is not a basis for excluding coverage. He relies on cases holding that coverage is precluded if the insured has specific intent to cause bodily injury or if the character of the act is such that an intention to inflict injury can be inferred as a matter of law. *Iowa Kemper Insurance Co. v. Stone*, 269 N.W.2d 885 (Minn.1978); *Caspersen v. Webber*, 298 Minn. 93, 213 N.W.2d 327 (1973).

State Farm asserts that specific intent to cause bodily injury is not required to exclude coverage in this case. It urges that Williams' claim in the main action based on assault and battery alleges an "offensive contact" battery as distinguished from a battery resulting in physical injury. Restatement (Second) Torts § 18 (1965). The offensive contact itself is the bodily harm, claims State Farm; thus, in "offensive contact" batteries such as those alleged in the main action, even though not resulting in physical injury, this court should hold the intent to do the act excludes coverage, especially when the act involves the violation of a criminal statute, such as here. *See* Minn.Stat. § 609.293, subd. 1 (1982).

Although this court has never addressed the issue raised by State Farm in the context of an intentional sexual assault, we have held in other contexts that unintended injuries resulting from intentional acts are not within the intentional act exclusion. *Farmers Insurance Exchange v. Sipple*, 255 N.W.2d 373, 376 (Minn.1977); *Caspersen*, 298 Minn. at 98, 213 N.W.2d at 330.

▌ However, coverage may still be precluded under the "intentional act" exclusion if the character of the insured's act is such that the court must exclude coverage

as a matter of law. In *Fireman's Fund Insurance Co. v. Hill*, 314 N.W.2d 834 (Minn.1982), we inferred intent to cause bodily injury as a matter of law when an insured foster father sexually molested a foster child over several months, inflicting mental pain and anguish. Likewise, we have inferred intent to cause bodily injury as a matter of law when a high school teacher-coach-chemical dependency counselor sexually abused a female student on his basketball team whom he also counseled regarding drug abuse. *Horace Mann Insurance Co. v. Independent School District No. 656*, 355 N.W.2d 413 (Minn.1984), filed herewith. Both of those cases involved sexual assaults on minors by persons in authority over them. Does the fact that Williams, the victim, was an adult distinguish this case? We think not. Neither the insured nor the insurer in entering into the insurance contract contemplated coverage against claims arising out of nonconsensual sexual assaults. On the other hand, if the sexual contacts were consensual, as asserted by respondent Keller, there would be no assault and hence no claim for recovery. Moreover, Williams was physically incapacitated, and Keller, at least an apparent authority figure, took advantage of Williams' physical disability under the guise of counseling Williams. In such circumstances, as in *Hill* and *Horace Mann*, we will infer an intent to cause bodily injury as a matter of law, thereby precluding Keller's intentional acts from coverage under his homeowner's policy.

▌ The trial court ordered State Farm to defend the main action and to pay Keller's reasonable attorney fees in this action. The obligation to defend is generally determined by allegations of the complaint. *Republic Vanguard Insurance Co. v. Buehl*, 295 Minn. 327, 332, 204 N.W.2d 426, 429 (1973). Notwithstanding the general rule, there is no duty on the part of the insurer to defend "when it is established by the

---

intentionally." This court has already concluded there is no substantial distinction in meaning between the two versions of the clause. *Continental W. Ins. Co. v. Toal*, 309 Minn. 169, 174

n.1, 244 N.W.2d 121, 124 n.1 (1976); *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 n.3 (Minn.1978).

insurer that the facts are such that there is no coverage under the policy for any resulting liability." *Farmers & Merchants State Bank v. St. Paul Fire & Marine Insurance Co.*, 309 Minn. 14, 21, 242 N.W.2d 840, 844 (1976).

■ Accordingly, where, as in the instant case, discovery and stipulated facts reveal the true nature of the main action, a court may go beyond the pleadings to determine whether the uncontradicted facts bring the case outside the coverage of the insurance policy. An examination of the complaint, the depositions, and the stipulated statement of facts clearly shows that the claim in the main action is based upon the intentional act. of nonconsensual assault.[4] Inasmuch as we conclude the character of Keller's acts is such that an intention to inflict bodily injury can be inferred as a matter of law, it follows that Keller's acts come within the intentional act exclusion of the homeowner's policy. If, as a matter of law, there is no duty to indemnify, there exists no duty to defend the main action. *Farmers & Merchants State Bank*, 309 Minn. at 21, 242 N.W.2d at 844. Because the insured Keller did not prevail in the declaratory judgment action, State Farm is not liable to pay his reasonable attorney fees in defending the declaratory judgment action. The judgment of the district court in favor of respondent Keller is vacated and the case is remanded for entry of judgment in favor of appellant State Farm.

Reversed and remanded.

COYNE, J., took no part in the consideration or decision of this case.

---

**4.** In Paragraph VIII of the original complaint, Williams alleged that Keller "unlawfully, negligently, willfully, and wantonly inflicted" specified damages. However, following the trial court's order and judgment denying State Farm declaratory relief, Williams amended that paragraph to eliminate the allegation of negligence, thereby acknowledging that his claim was based solely on an intentional nonconsensual sexual assault by Keller.