The ESTATE of Gloria J. LEHMANN, by Walter A. LEHMANN, as Personal Representative, and Walter A. Lehmann and Agnes Lehmann, Respondents,

v.

Robert W. METZGER, defendant and third-party plaintiff, Respondent,

v.

AUTO–OWNERS INSURANCE COMPANY, third-party defendant, Appellant.

No. CX–83–1056.

Supreme Court of Minnesota.

Aug. 10, 1984.

---

Ira C. Peterson Jr., Minneapolis, for appellant.

David W. Skogerboe, Minnetonka, for Lehmann.

Thomas J. Hartigan, St. Paul, for Metzger.

KELLEY, Justice.

Respondents The Estate of Gloria J. Lehmann, by Walter A. Lehmann, as Personal Representative, and Walter A. Lehmann and Agnes Lehmann commenced an action against respondent Robert W. Metzger, the uncle of the minor daughter of Walter A. and Agnes Lehmann, alleging that he had repeatedly sexually assaulted the girl when she was between the ages of 12 and 16 years. Respondent Metzger tendered the defense of that action to his homeowner's insurance carrier, Auto-Owners Insurance Company (Auto-Owners). Auto-Owners refused to defend, claiming there was no coverage under the "intentional act" exclusion.[1]

▪ After respondent Metzger had impleaded Auto-Owners as a third-party defendant, the trial court severed the coverage issue for trial before trial of the main action. After the jury found that respondent Metzger, by his sexual assaults, did not intend to inflict bodily injury on the victim, the trial court entered judgment that the series of sexual assaults was covered by the policy. We reverse.

▪ In construing the "intentional act" exclusion of liability insurance policies where the underlying claim is that the insured intentionally sexually assaulted the victim, an intention to inflict injury will be inferred as a matter of law. *Horace Mann Insurance Co. v. Independent School District No. 656*, 355 N.W.2d 413 (Minn.1984), filed herewith; *State Farm Fire & Casualty Co. v. Williams*, 355 N.W.2d 406 (Minn.1984); *Fireman's Fund Insurance Co. v. Hill*, 314 N.W.2d 834 (Minn.1982).

Reversed and remanded for vacation of judgment in favor of respondent and entry of judgment for appellant.

---

1. The policy contained the standard exclusion: "This policy does not apply * * * to bodily injury or property damage which is either expected or intended from the standpoint of the Insured."