ILLINOIS FARMERS INSURANCE COMPANY, Respondent (C7–85–1522),

v.

JUDITH G., individually and as mother and natural guardian of D.G., a minor, Respondents (C7–85–1522),

and

Robert and Sandra B., individually and as parents and natural guardians of D.B., a minor, Respondents (C7–85–1522), Appellants (CX–85–1529),

Robert and Julie W., individually and as parents and natural guardians of S.L.W. and A.A.W., minors, Appellants (C7–85–1522), Respondents (CX–85–1529).

Nos. C7–85–1522, CX–85–1529.

Court of Appeals of Minnesota.

Jan. 7, 1986.

Review Denied March 21, 1986.

Eric J. Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for Illinois Farmers Ins. Co.

Theodore D. Dreyer, Eden Prairie, for Judith G.

David J. Jensen, John Buchman, Anoka, for Robert and Sandra B.

William G. Clelland, Carson & Clelland, Minneapolis, for Robert and Julie W.

Heard, considered and decided by WOZ-NIAK, P.J., and FORSBERG, and NIER-ENGARTEN, JJ.

WOZNIAK, Judge.

Appellants Robert and Sandra B. and Robert and Julie W. appeal from the entry of summary judgment in favor of respondent Illinois Farmers Insurance Company. The district court, Hennepin County, relieved Illinois Farmers from any obligation to defend or indemnify its insured, Donald G., a minor, for any liability arising out of his sexually abusing the minor daughters of the appellants. The court determined as a matter of law that Donald G.'s actions fell within the intentional act exclusion in its contract of insurance. Appellants Robert and Sandra B. also appeal from the trial court's order denying their motion for rehearing and submission of additional evidence. We affirm.

## FACTS

Apart from the insurance company, the parties to this action are all neighbors in a suburb of Minneapolis. Robert and Julie W. are the parents of two young girls, Shawna (born July 2, 1973) and Alicia (born July 12, 1977). Robert and Sandra B. are the parents of one young girl, Darci (born October 19, 1973). For a period of two to three years, these parents periodically entrusted their daughters to Donald G., a neighborhood boy, for babysitting either at their homes or the home of the G. family. Respondent Judith G. is Donald's mother. In July 1982, Robert B. and Robert W. went to the police to report suspected sexual abuse of their daughters by Donald. Shawna W. and Darci B. were interviewed by the police on July 14, 1982. At the time of the interview, Shawna had just had her ninth birthday and Darci was eight years old.

Shawna and Darci described to the police various acts of sexual contact and penetration committed by Donald G. against all three girls. The acts apparently took place over a period of about two years, when Donald was between the ages of 13 and 16. (Donald was born on August 29, 1966. The sexual abuse allegedly occurred between approximately June 1980 and July 1982.) According to Shawna and Darci, the sexual acts were accompanied by threats of injury if the girls reported Donald's conduct or refused to submit.

In May 1983, the girls' parents commenced civil actions against Donald and his mother, Judith G., generally alleging negligence on the part of Donald and negligent supervision of Donald on the part of his mother. The complaints alleged that if Donald intended the acts, he did not intend

to injure the girls, and that because of his age and other mitigating circumstances, he was unable to appreciate that his conduct would result in injury.

At the time of the alleged incidents of abuse, Donald G. was an insured under a homeowner's policy issued to Judith G. by Illinois Farmers Insurance Company. The policy provided liability coverage under the following circumstances:

Coverage E—Personal Liability

We shall pay all damages from an accident which an insured is legally liable to pay because of bodily injury or property damage covered by this policy.

At our expense we shall defend an insured against any covered claim or suit. * * *.

The policy also contained an intentional act exclusion which provided:

We do *not* cover bodily injury or property damage:

    \*    \*    \*    \*    \*    \*

3. Arising as a result of intentional acts of an insured.

The victims' attorneys commenced discovery. Appellants allege that they sought to discover whether Donald G. had the requisite social, emotional and cognitive development to appreciate the injury inflicted and whether he could have formed the intent to injure. Judith and Donald G. were out of state and did not respond to the discovery requests. In March of 1985, nearly two years after the commencement of the actions, Illinois Farmers commenced a declaratory judgment action, seeking an order that the intentional act exclusion was applicable and that the homeowner's policy issued to Judith G. does not afford coverage or defense to Donald for the claims arising out of his alleged sexual conduct.

The court granted the motion and issued an order for judgment relieving Illinois Farmers of any duty to defend or indemnify Donald.

After the judgment was entered, appellants Robert and Sandra B. brought a motion for a rehearing and submission of additional evidence based on an affidavit of Michael O'Brien, an expert in the field of adolescent sexual offenders. O'Brien stated in his affidavit that he had interviewed over 270 adolescent sexual offenders and that over ninety percent of them had no intention of harming their victims and no knowledge of the potential harm of their actions to their victims. O'Brien did not interview Donald G. The trial court denied the motion on August 12, 1985, on the grounds that O'Brien's affidavit was not based on personal knowledge and did not set forth facts that would be admissible in evidence as required by Minn.R.Civ.P. 56.-05. The trial court also found that the appellants were afforded an adequate opportunity for discovery and that an additional delay under Rule 56.06 was unwarranted.

Robert and Julie W. appeal from the entry of summary judgment in favor of Illinois Farmers. Robert and Sandra B. appeal from the judgment and from the court's order denying their motion for a rehearing and submission of additional evidence.

## ISSUES

1. Can an intent to injure, for purposes of an intentional act exclusion in a homeowner's policy, be inferred as a matter of law from acts of sexual abuse committed by a minor?

2. Did the trial court err in denying appellants' motion for a rehearing and submission of additional evidence?

## ANALYSIS

■ 1. A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and affidavits "show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03. This court must view the evidence in the light most favorable to the party against whom the motion was granted. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 65 N.W.2d 641 (1954).

When the language of an exclusionary clause of an insurance policy is ambiguous, any doubts as to its meaning must be resolved in favor of the insured. *Caspersen v. Webber*, 298 Minn. 93, 98, 213 N.W.2d 327, 330 (1973). Where an exclusionary clause does not expressly show that it was meant to exclude unintended injuries that are the result of intended acts, the clause is ambiguous. *Id.*

The Minnesota Supreme Court has stated that "[t]he purpose of an 'intentional acts' exclusion is to prevent extending to the insured a license to commit wanton and malicious acts." *Farmers Insurance Exchange v. Sipple*, 255 N.W.2d 373, 375 (Minn.1977).

In interpreting intentional act exclusions in insurance policies this court has held that it is not sufficient that the act was intentional. To be excluded from coverage, a person must have specifically intended to cause injury, although intent to injure will be found even if the actual injury is different in kind or more severe than that intended.

*Fireman's Fund Insurance Co. v. Hill*, 314 N.W.2d 834, 835 (Minn.1982).

In *Caspersen v. Webber*, 298 Minn. 93, 99, 213 N.W.2d 327, 330 (1973) we indicated that an injury is "expected or intended" from the standpoint of the insured if a reason for an insured's act is to inflict bodily injury *or* "when the character of the act is such that an intention to inflict an injury can be inferred" as a matter of law.

*Continental Western Insurance Co. v. Toal*, 309 Minn. 169, 177, 244 N.W.2d 121, 125 (1976) (emphasis in original), *quoted in Hill*, 314 N.W.2d at 835.

In a series of decisions, the supreme court has inferred an intent to injure, for purposes of an intentional act exclusion, where the act of the insured was intentional sexual misconduct. All of the cases involve adult offenders. In *Hill*, the insured was a foster parent who sexually abused a minor foster child. The insured claimed that he did not intend to harm the child and that his actions were the result of his social and emotional immaturity. The supreme court stated that "the nature of Hill's conduct was such that an intention to inflict injury can be inferred as a matter of law." 314 N.W.2d at 835. In drawing this inference, the court considered the fact that the insured had been confronted by the welfare department with allegations that he had sexually abused other children, and concluded that the insured knew that the welfare department considered his conduct to be detrimental to the child. *Id.*

In *State Farm Fire and Casualty Co. v. Williams*, 355 N.W.2d 421 (Minn.1984), the insured, a college professor, sexually abused a disabled adult. The parties stipulated that the insured "did not intend to inflict bodily injury." *Id.* at 424. The supreme court nevertheless inferred intent to injure as a matter of law, stating:

Neither the insured nor the insurer in entering into the insurance contract contemplated coverage against claims arising out of nonconsensual sexual assaults. * * * Moreover, Williams was physically incapacitated, and [the insured], at least an apparent authority figure, took advantage of Williams' physical disability under the guise of counseling Williams. In such circumstances, * * * we will infer an intent to cause bodily injury as a matter of law * * *.

*Id.*

Appellants argue that intent to injure cannot be inferred in this case because Donald G.'s age and immaturity prevented him from forming the requisite intent to injure or to appreciate the consequences of his conduct. The supreme court and this court, however, do not consider these factors in inferring intent.

While the court in *Hill* and *Williams* discussed the circumstances surrounding the conduct in inferring intent to injure, in other cases the supreme court and this court have inferred intent to injure from the fact that the act involved was nonconsensual sexual conduct, without looking to the surrounding circumstances. The court has never considered the insured's subjective intent. In *Williams*, the insured's lack

of subjective intent to injure was a stipulated fact; the court nonetheless inferred intent to injure as a matter of law. In *Horace Mann Insurance Co. v. Independent School District No. 656*, 355 N.W.2d 413 (Minn.1984), a high school counselor and girls' basketball coach sexually abused a female student. The teacher knew of the student's chemical dependency problems and began counseling her for them. The student alleged that the insured inflicted several sexual contacts on her during the counseling and while she was on the basketball team. *Id.* at 415. The insured claimed in his deposition that his actions were not intended to injure the girl. *Id.* at 416. The supreme court stated:

> Thus, he did not subjectively intend to harm, although he intended to commit those sexual contacts to which he admits. Nevertheless, those subjective statements do not preclude this court from inferring an intent to injure or to damage *from the nature of the acts involved* —unconsented sexual contact with a minor.

*Id.* (emphasis added). In *Estate of Lehmann v. Metzger*, 355 N.W.2d 425 (Minn. 1984), an uncle committed repeated acts of sexual assault on a minor niece. Without looking to any of the surrounding circumstances or the subjective intent of the insured, the court stated:

> In construing the "intentional act" exclusion of liability insurance policies where the underlying claim is that the insured intentionally sexually assaulted the victim, an intention to inflict injury will be inferred as a matter of law.

*Id.* at 426.

Finally, in *Mutual Service Casualty Insurance Co. v. Puhl*, 354 N.W.2d 900 (Minn.Ct.App.1984), the insured, an adult male, committed a forcible sexual assault on a minor male. The insurer refused to defend or indemnify on the grounds that the conduct fell within the policy's intentional act exclusion. Both parties sought to introduce expert psychiatric or psychological testimony as to intent to harm. The trial court, as the trier of fact, rejected the expert testimony on the grounds that it would not be helpful under Minn.R.Evid. 702. This court affirmed, stating:

> The conduct of appellant Puhl having been found to be nonconsensual, we are bound to affirm by three recent Minnesota Supreme Court opinions. In *Horace Mann Ins. Co. v. Independent School District No. 656*, 355 N.W.2d 413 (Minn.1984); *State Farm Fire and Casualty Co. v. Williams*, 355 N.W.2d 421, (Minn.1984); *Estate of Lehman v. Metzger*, 355 N.W.2d 425 (Minn.1984), the supreme court held that an intent to commit bodily injury can be inferred as a matter of law from an act of nonconsensual sexual contact.

*Id.* at 901–902. This court did not mention the insured's subjective intent. Thus, the supreme court and this court have held that nonconsensual sexual conduct per se gives rise to an inference of intent to injure, regardless of the insured's subjective intent.

Illinois Farmers notes that Donald G.'s sexual assaults were accompanied by threats of harm if the victims disclosed his conduct, and argues that this indicates that he had the requisite maturity and mental capacity to appreciate the consequences of his actions. We decline to base our holding on this ground. Donald G.'s alleged lack of subjective intent to injure is irrelevant.

In this case, as in *Williams*, "[n]either the insured nor the insurer in entering into the insurance contract contemplated coverage against claims arising out of non-consensual sexual assaults." *Williams*, 355 N.W.2d at 424. Illinois Farmers is not obligated to defend or indemnify Donald G. for any claims arising out of his nonconsensual sexual contact with the three victims.

■ 2. After summary judgment was entered, appellants Robert and Sandra B. brought a motion for a rehearing and submission of additional evidence based upon an affidavit of Michael O'Brien, an expert in the field of adolescent sexual offenders. Illinois Farmers opposed the motion on the grounds that the affidavit was not "newly discovered evidence" within the meaning of

Minn.R.Civ.P. 60.02(2). The trial court expressly declined to deny the motion on these procedural grounds, but instead denied it on the merits. The trial court held that O'Brien's affidavit failed to comply with the provisions of Minn.R.Civ.P. 56.05, which provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

This ruling was not erroneous. O'Brien's affidavit states that he has treated approximately 270 adolescent sex offenders; that all of these offenders went through a "standardized interview process"; that "[o]ver ninety percent of the adolescent sexual offenders have no intention of harming the victim"; that "[w]ell over ninety percent of the adolescent sexual offenders have no knowledge of the potential harm of their actions to the victim"; and that "[a]dolescent sexual offenders understand that such behavior is morally wrong because it involves sexual activities, not because such behavior causes harm to the victim."

O'Brien is not acquainted with Donald G. and did not interview or examine him. The affidavit is thus not based on personal knowledge, as required by rule 56.05. In addition, as discussed above, even if O'Brien's affidavit did state that Donald G. did not intend to injure his victims, Donald G.'s subjective intent is irrelevant for purposes of the intentional act exclusion where the act in question is nonconsensual sexual conduct.

## DECISION

1. The trial court properly granted summary judgment in favor of respondent Illinois Farmers Insurance Company. Illinois Farmers is not obligated to defend or indemnify respondent Donald G. for any claims arising out of his alleged acts of sexual abuse.

2. The trial court did not err in denying appellants Robert and Sandra B.'s motion for rehearing and submission of additional evidence.

Affirmed.