949 P.2d 525

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff–Appellee,**

v.

**Veronica DeVALENCIA and Jairo DeValencia, wife and husband; Z.D., S.D. and J.D., by and through their next friends and parents, Veronica DeValencia and Jairo DeValencia, Defendants–Appellants.**

**Nos. 1 CA–CV 95–0309, 1 CA–CV 95–0412.**

Court of Appeals of Arizona, Division 1, Department D.

July 3, 1997.

Review Denied Jan. 21, 1998.*

---

* Moeller, J., did not participate in the determination of this matter.

Ostreicher & Vatz, P.C. by Jeffrey I. Ostreicher and Michael L. York, Phoenix, for Defendants–Appellants.

Teilborg, Sanders & Parks, P.C. by David J. Damron and Melinda K. Cekander, Phoenix, for Plaintiff–Appellee.

## OPINION

FIDEL, Judge.

In this appeal from summary judgment in favor of Appellee United Services Automobile Association ("USAA"), we consider whether acts of child molestation committed by a minor were covered by his family's homeowners' insurance policy issued by USAA, or were excluded from such coverage under the "expected or intended" injury exclusion of the policy.

When an adult commits an act of child molestation, it is irrebuttably presumed in resolving questions of insurance coverage that the adult acted with a subjective intent to harm. We consider whether the same irrebuttable presumption of injurious intent applies to minors. We hold that it does not.

We reverse summary judgment and identify as questions of material fact (1) whether the minor child molester possessed a subjective intent to harm and (2) whether he had the mental capacity to form such an intent.

## BACKGROUND

In 1992, while Dennis and Debra Gerow provided day care in their home to three minor children of Appellants DeValencia, the DeValencia children—Z.D., S.D., and J.D.—were molested by CG, the Gerows' fourteen-year-old son. In consequence, Appellants asserted tort claims against CG for his injurious acts, tort claims against his parents for negligent supervision, and contract claims against his parents for breach of the day-care contract.

USAA, the Gerows' homeowners' insurer, filed this declaratory judgment action asserting that its policy did not cover Appellants' claims. When USAA moved for summary judgment, Appellants moved for a continuance to conduct discovery concerning CG's "capacity to form ... the subjective, specific intent to injure the DeValencia children while committing acts of molestation against them...." At argument on the motion to continue, however, Appellants agreed to forego such discovery upon USAA's stipulation, for the purpose of its motion, "that [CG] did not intend to cause injury to the DeValencia children." Thereafter, the motion for summary judgment was submitted, and in a minute entry of December 8, 1994, the trial court granted it, explaining:

Under A.R.S. § 13–501, a fourteen-year old has the mental capacity to form criminal intent. Therefore, a minor who is fourteen is subject to prosecution under Arizona's child molestation law for the molestation of other children. A.R.S. § 13–1401, et seq.

These statutes, read in conjunction with the cited case law, require this court to rule that intent to injure be presumed from fourteen-year old [CG's] acts of sexual abuse of young children. Therefore, the claims arising out of sexual abuse are excluded from coverage.

Appellants moved for a new trial, arguing that CG's mental capacity to form the requisite intent remained the subject of a material dispute of fact. After denying their motion but before reducing his ruling to a formal order, the trial judge wrote to counsel, stating that he "might be inclined to reconsider ... and find that even if the minor's acts were intentional, there remains a question of fact as to whether the minor formed the requisite intent to cause the resulting injury." The trial judge invited counsel to comment, however, on whether summary judgment was nonetheless appropriate on the alternative ground that Appellants' claims "involved specific acts by the insured while engaged in the operation of a business enterprise, such claims being excluded under the clear and unambiguous language of this policy." After the parties had responded, the trial court reiterated its original basis for decision, stating in a formal order denying Appellants' motion for new trial that "its ruling by minute entry dated December 8, 1994 was correct."

■ In this timely appeal, Appellants challenge the trial court's ruling that the USAA policy does not cover CG's injurious acts. Appellants do not contest the trial court's separate rulings excluding coverage for the negligent supervision and breach of contract claims against Debra and Dennis Gerow. In reviewing a trial court's grant of summary judgment, we view the evidence most favorably to the party opposing summary judgment and determine "*de novo* whether there are any genuine issues of material fact and whether the trial court erred in its application of the law." *Gonzalez v. Satrustegui*, 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App. 1993).

## BUSINESS PURSUIT EXCLUSION

■ The Gerows' policy with USAA excluded liability coverage for acts or omissions "arising out of or in connection with a **business** engaged in by an **insured**." Appellants do not contest the applicability of this "business pursuit" exclusion to the acts or omissions of Debra and Dennis Gerow, but do contest its applicability to CG's acts. Because the trial court raised the business pursuit exclusion as a possible alternative ground for its decision, we consider whether that exclusion supports summary judgment as to CG's acts.

■ The policy provides:

2. **Severability of Insurance.** This insurance applies separately to each **insured**. This condition will not increase our limit of liability for any one **occurrence**.

Under this provision, we determine the applicability of exclusionary clauses separately as to any insured asserting coverage. *See Cota v. Industrial Indem. Co.*, 141 Ariz. 526, 529, 687 P.2d 1281, 1284 (App.1984). This means that to bring CG's acts within the business pursuit exclusion, USAA was obliged to show that he was individually engaged in a business pursuit when he committed the alleged acts. *See id.; see also Fadden v. Cambridge Mut. Fire Ins. Co.*, 27 A.D.2d 487, 280 N.Y.S.2d 209, 211 (1967) (business pursuit exclusion must be confined to a business pursuit of the insured in question). Because USAA made no attempt to do so, the trial court could not have rested summary judgment on the business pursuit exclusion with respect to CG's acts.

## THE "EXPECTED OR INTENDED" INJURY EXCLUSION

USAA's policy excluded personal liability or medical payment coverage for "bodily injury or property damage ... which is expected or intended by the insured." In reliance upon this exclusion, USAA argues that CG's acts of molestation were excluded from coverage because they were intended, not accidental.

■ When applying the expected or intended injury exclusion, the law employs a particularized standard of intent. For the exclusion to apply, the insured must subjectively intend not only to commit the act, but also to harm the victim. *See Transamerica Ins. Group v. Meere*, 143 Ariz. 351, 359, 694 P.2d 181, 189 (1984). As our supreme court recently summarized the rule:

(1) the insured must subjectively intend both the act and to cause some injury; (2) the intent may be actual or may be in-

ferred by the nature of the act and the accompanying substantial certainty that some significant harm will occur. Once it is found that harm was intended or substantially certain to occur, it is immaterial that the actual harm caused is of a different character or magnitude than that intended or expected.

*Ohio Casualty Ins. Co. v. Henderson,* 189 Ariz. 184, 189, 939 P.2d 1337, 1342 (1997). CG's acts therefore fall within the expected or intended injury exclusion only if he acted with actual or inferable subjective intent to injure Appellants' children.

Acknowledging this burden, USAA correctly asserts that courts will presume subjective injurious intent from an act of child molestation. *See State Farm Fire & Casualty Co. v. Doe,* 165 Ariz. 179, 181, 797 P.2d 718, 720 (App.1990); *Twin City Fire Ins. Co. v. Doe,* 163 Ariz. 388, 390, 788 P.2d 121, 123 (App.1989). This presumption is an instance of the *Ohio Casualty* rule that intent "may be inferred by the nature of the act and the accompanying substantial certainty that some significant harm will occur." 189 Ariz. at 189, 939 P.2d at 1342. It further embodies Arizona's public policy "forbid[ding] contracts indemnifying a person against loss resulting from his own willful wrongdoing." *Transamerica,* 143 Ariz. at 356, 694 P.2d at 186; *accord Twin City,* 163 Ariz. at 390, 788 P.2d at 123. Most jurisdictions apply a similar presumption.[1]

■ Appellants argue, however, that subjective intent to harm should not be presumed when the molester is a minor. Further, they point out that USAA expressly stipulated in the trial court that CG did not intend to harm their children. USAA responds that the presumption applies equally to minors and adults and is irrebuttable. USAA adds that the presumption, because it is irrebuttable, renders its stipulation irrelevant. To these issues we now turn.

## DOES THE PRESUMPTION OF INTENT TO CAUSE HARM APPLY TO MINORS?

■ When applicable, the presumption is indeed irrebuttable that a person who commits child molestation intends to harm the victim. *See Republic Ins. Co. v. Feidler,* 178 Ariz. 528, 531, 875 P.2d 187, 190 (App.1993); *St. Paul Property & Liab. Ins. Co. v. Eymann,* 166 Ariz. 344, 349, 802 P.2d 1043, 1048 (App.1990). Whether this presumption should apply to minors, however, is undecided in Arizona and unsettled in the law.

Some jurisdictions have applied the presumption to minor insureds and denied coverage regardless of the minors' subjective intent. *See, e.g., B.B.,* 8 F.3d at 1295–96; *Judith G.,* 379 N.W.2d at 641–43; *Allstate Ins. Co. v. Roelfs,* 698 F.Supp. 815, 820–21 n. 6 (D.Alaska 1987); *Allstate Ins. Co. v. Bailey,* 723 F.Supp. 665, 668 (D.Fla.1989). Courts that extend the presumption to minor insureds focus on the harm inherent in molestation, not the actor's age. *See B.B.,* 8 F.3d at 1294–95; *Troy,* 789 F.Supp. at 1136 ("in the exceptional case of ... child molestation, cause and effect cannot be separated, so that to do the act is necessarily to do the harm"); *Mugavero,* 581 N.Y.S.2d at 146, 589 N.E.2d at 369 ("severe emotional and psychological damage [often] results from ... sexual abuse, regardless of [the] motivation or nature"). Finding that molestation victims suffer the same harm regardless of the molester's age, these courts apply the presumption automatically without regard to the molester's maturity or age.

Other courts refuse to extend the presumption to minor insureds. *See, e.g., Allstate Ins. Co. v. Patterson,* 904 F.Supp. 1270, 1284 (D.Utah 1995); *Allstate Ins. Co. v. Jack S.,* 709 F.Supp. 963, 966 (D.Nev.1989); *Fire Ins. Exch. v. Diehl,* 450 Mich. 678, 545 N.W.2d 602, 607 (1996). While these courts

---

1. *See, e.g., B.B. v. Continental Ins. Co.,* 8 F.3d 1288, 1293 (8th Cir.1993); *Troy v. Allstate Ins. Co.,* 789 F.Supp. 1134, 1136 (D.Kan.1992); *State Farm Fire & Casualty Co. v. Davis,* 612 So.2d 458, 463 n. 4 (Ala.1993); *Altena v. United Fire & Casualty Co.,* 422 N.W.2d 485, 488–90 (Iowa 1988); *Illinois Farmers Ins. Co. v. Judith G.,* 379 N.W.2d 638, 641–42 (Minn.App.1986); *Vermont Mut. Ins. Co. v. Malcolm,* 128 N.H. 521, 517 A.2d 800, 803 (1986); *Allstate Ins. Co. v. Mugavero,* 79 N.Y.2d 153, 581 N.Y.S.2d 142, 146, 589 N.E.2d 365, 369 (1992); *K.A.G. v. Stanford,* 148 Wis.2d 158, 434 N.W.2d 790, 793 & n. 3 (App.1988).

recognize the inherently harmful nature of child molestation, they also consider minors' relative lack of experiential knowledge of sexual matters. *See, e.g., Patterson,* 904 F.Supp. at 1282–83. This lack of experience may leave minors "ill-equipped to draw the inference that sexual contact with [other] minors is inherently harmful." *Id.* at 1283. Accordingly, these courts find it inappropriate to "infer[ ] as a matter of law the intent to injure where a child sexually assaults another . . . ." *Diehl,* 545 N.W.2d at 608.

The trial court, without deciding whether Arizona would apply the doctrine of presumed intent to minors across the board, decided that we should do so at least to minors age fourteen or older. The trial court rested this decision on Arizona Revised Statutes Annotated ("A.R.S.") § 13–501 (1989), which provides:

**Immaturity**

A person less than fourteen years old at the time of the conduct charged is not criminally responsible in the absence of clear proof that at the time of committing the conduct charged the person knew it was wrong.

Section 13–501 establishes a *rebuttable* presumption that minors of thirteen years or younger are too immature to appreciate the *wrongfulness* of their criminal acts. Working from that line of demarcation, the trial court drew what it treated as an obverse *irrebuttable* presumption that minors of fourteen years (CG's age) or older appreciate *the harmfulness* of a particular form of criminal act—specifically sexual conduct with another child. We do not believe that section 13–501, a criminal statute, can be inverted and extended to support this very different proposition in insurance law.

Indeed, to presume that a minor of fourteen years or older appreciates the nature and consequences of a sexual act runs counter to the very criminal statutes that protect minors—including older minors—from sexual conduct. It is illegal in Arizona to molest a child under fifteen years, A.R.S. § 13–1410(A) (Supp.1996), or to engage in sexual conduct with a child under eighteen years. A.R.S. § 13–1405(A) (Supp.1996). That the minor consented to the sexual contact in either instance is no defense. *See State v. Fristoe,* 135 Ariz. 25, 30, 658 P.2d 825, 830 (App.1982). Such statutes attribute to minors an incapacity to consent because they are "barely beginning to adjust to the changes wrought by puberty" and do not comprehend the harmful effects of their sexual contacts. *Jack S.,* 709 F.Supp. at 966 (quoting *Linebaugh v. Berdish,* 144 Mich. App. 750, 376 N.W.2d 400, 405 (1985)); *see also Patterson,* 904 F.Supp. at 1282. It is contradictory for the law to attribute to minors a presumptive sexual naivety on the one hand, and to presume their sexual sophistication on the other hand. *Jack S.,* 709 F.Supp. at 966; *see also Patterson,* 904 F.Supp. at 1283.

Just as our criminal law does not presumptively attribute to minors an adult's understanding of sexual matters, neither should our civil law. Accordingly, we follow those cases that decline to extend the presumption of injurious intent to minors. Whether a minor child molester subjectively intended to cause harm is best left to the trier of fact upon consideration of all relevant circumstances, including the ages, experiences, and relationship of the parties, *see Patterson,* 904 F.Supp. at 1284, and the capacity of the molester to form the requisite intent. *See St. Paul Property & Liab. Ins. Co. v. Eymann,* 166 Ariz. 344, 350–51, 802 P.2d 1043, 1049–50 (App.1990).

The trial court could have overlooked USAA's stipulation that CG lacked injurious intent only if required to do so by an irrebuttable presumption. Because we have held the presumption of injurious intent inapplicable to minors, it follows that the trial court erred by applying the presumption to CG. USAA's stipulation that CG lacked injurious intent therefore sufficed to defeat summary judgment.

## CAPACITY TO FORM REQUISITE INTENT

■ We have a secondary basis for reviewing summary judgment in this case. Even if the presumption of injurious intent were generally applicable to minors, the law provides an exception for those who lack the mental capacity to form such an intent. *See, e.g., State Farm Fire & Casualty Co. v.*

*Brown,* 183 Ariz. 518, 522, 905 P.2d 527, 531 (App.1995); *Eymann,* 166 Ariz. at 350–51, 802 P.2d at 1049–50; *Feidler,* 178 Ariz. at 532, 875 P.2d at 191. The trial court granted summary judgment without hearing evidence of CG's mental capacity. Appellants argue that they did not develop or present such evidence because they relied on USAA's stipulation as making such proof unnecessary. We find this argument persuasive.

When confronted with a motion for summary judgment, the responding party has the burden of presenting evidence that justifies a trial. A responding party may, however, seek a continuance upon a showing that further discovery is necessary to gather evidence for a response. Ariz. R. Civ. P. 56(f). When USAA stipulated that CG did not intend to injure his victims, it did so in response to Appellants' Rule 56(f) motion for additional time to respond to USAA's motion for summary judgment. Appellants expressly sought more time to gather:

> Information relating to Defendant [CG's] capacity to form, or formulation of, the subjective, specific intent to injure the DeValencia children while committing acts of molestation against them, or whether he suffered from a mental derangement which would negate the deliberateness of his acts. . . .

USAA responded that, "for purposes of this motion, USAA admits that [CG] did not intend to cause injury to the DeValencia children." [2] After USAA offered this stipulation, Appellants abandoned their discovery and included USAA's stipulation in their response.

USAA's stipulation did not precisely address CG's *capacity* to form the requisite intent. Yet in the context of Appellants' Rule 56(f) motion, the clear purpose of the stipulation was to obviate Appellants' need to conduct discovery on the issue of CG's capacity before they could respond to the motion for summary judgment.

The trial court was obviously troubled by the absence of any resolution of this issue. After granting summary judgment, it delayed entering formal judgment and invited counsel to address whether, "even if the minor's acts were intentional, there remains a question of fact as to whether the minor formed the requisite intent to cause the resulting injury." The trial court's hesitation on this point was sound. Because Appellants had deferred discovery on the issue and because USAA's motion did not resolve the issue, there remained an unresolved question of material fact as to CG's mental capacity to form a subjective intent to cause the children harm.

## CONCLUSION

Appellants have not appealed from summary judgment excluding coverage for the negligent supervision and contract claims against Debra and Dennis Gerow. They correctly assert on appeal, however, that unresolved questions of material fact make summary judgment improper with respect to coverage for CG's injurious acts. We therefore reverse summary judgment in part and remand for further proceedings consistent with this decision.

PATTERSON, P.J., and GARBARINO, J., concur.

---

**2.** We lack a transcript of the hearing at which counsel for USAA entered this stipulation. The only evidence of the exact terms of the stipulation is a letter from USAA's attorney to the DeValencias' attorney.

* Moeller, J., did not participate in the determination of this matter.