# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2303

_____

Evanston Insurance Company,     *
                                  *

          Appellee,           *

                                    *    Appeal from the United States

     v.                            *    District Court for the

                                    *    District of Minnesota.

Machaga Johns,                 *

                                    *

          Defendant,        *

                                    *

W.L.M.,                        *

                                    *

          Appellant.          *

_____

Submitted: February 15, 2008
Filed: June 24, 2008

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

RILEY, Circuit Judge.

This is an insurance coverage dispute. W.L.M. sued Machaga Johns (Johns) and Our Gang Hair Designs, Inc. (Salon) in Minnesota state court alleging Johns, a massage therapist at the Salon, sexually assaulted W.L.M. while W.L.M. was receiving a therapeutic massage performed by Johns. Johns is insured under a general liability policy issued by Evanston Insurance Company (Evanston). Evanston brought an

action for declaratory judgment in federal court against Johns and W.L.M. claiming it was not liable to indemnify Johns under the policy.

The district court[1] granted summary judgment for Evanston, holding the policy language excluded the conduct at issue in the state law case and Evanston had no duty to defend or indemnify Johns under the policy. On appeal, W.L.M. argues the district court erred in: (1) refusing to dismiss the action under the federal abstention doctrine; and (2) concluding Evanston had no duty to provide coverage for Johns on W.L.M.'s claims. We affirm.

## I.  BACKGROUND

On August 30, 2003, W.L.M. went to the Salon for a therapeutic massage. The salon assigned Johns to perform the massage. During the massage, Johns touched W.L.M.'s genitals on several occasions and digitally penetrated her vagina. Johns was charged in state court with criminal sexual conduct in the fifth degree. The state court found the touching nonconsensual and concluded Johns committed criminal sexual conduct, but found Johns not guilty because he suffered from a mental illness preventing him from either understanding the nature of his actions or the wrongfulness of his actions, entitling Johns to the M'Naughten defense under Minnesota law.[2]

-------

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

[2]Minnesota codified the common law M'Naughten standard for criminal responsibility which is rooted in an 1843 decision by the English House of Lords in Daniel M'Naughten's case. Minnesota law provides:
> [a] person shall not be excused from criminal liability except upon proof that at the time of committing the alleged criminal act the person was laboring under such a defect of reason . . . as not to know the nature of the act, or that it was wrong.

Minn. Stat. § 611.026.

After the criminal trial was resolved, W.L.M. initiated a civil action in Ramsey County (Minnesota) District Court against the Salon and Johns. W.L.M. settled with both the Salon and Johns. The settlement with Johns included an agreement to submit the matter to a neutral arbitrator for determination of damages and also included a provision under which W.L.M. stipulated recovery would be sought only from Johns's insurer (Evanston) and not from Johns. The arbitrator assessed W.L.M.'s net damages against Johns at $220,000.

On September 14, 2006, the day before the arbitration hearing began, Evanston commenced this declaratory judgment action in district court. The arbitration decision was rendered on September 21, 2006. The Ramsey County District Court filed a judgment against Johns in the amount of $220,000 on December 19, 2006.

Evanston moved for summary judgment in the declaratory judgment action, and W.L.M. moved for summary judgment on its counterclaim and also moved to dismiss. On April 27, 2007, after oral argument on the motions, the district court granted Evanston's motion for summary judgment and denied W.L.M.'s cross-motion for summary judgment and motion to dismiss. This appeal followed.

## II. DISCUSSION
### A. Abstention

The district court's decision to exercise jurisdiction in a declaratory judgment action rather than to abstain is reviewed for an abuse of discretion. Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995). The Declaratory Judgment Act "provides that a court *may* declare the rights and other legal relations of any interested party seeking such declaration." Wilton, 515 U.S. at 286 (internal quotation omitted and italics in original). The Supreme Court recalled the Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Id. at 287 (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S.

-3-

237, 241 (1952)).  The key consideration for the district court is "to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court" in light of the "scope and nature of the pending state court proceeding."  Haverfield, 218 F.3d at 874 (citing Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942)).  If the pending state court proceeding would better settle the issues, "the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties'" Id. at 874-75 (quoting Brillhart, 316 U.S. at 495.  In Haverfield, our court determined the district court abused its discretion when it denied the defendant's motion to dismiss or to stay the federal action because "the state court was in the better position to adjudicate the matter, and permitting this federal action to proceed was unnecessarily duplicative and uneconomical." Id. at 875.  In Haverfield, the state and federal court actions both "involved the same parties, the same issue, the same insurance policies, and the same arguments."  Id.  In addition, a split existed in the Missouri intermediate appellate courts over whether the exclusion at issue applied, and our court noted this disagreement was an important factor weighing in favor of abstention because this split would put the federal district court "in the difficult position of predicting how the Missouri Supreme Court would resolve the conflict."  Id.

Here, unlike in Haverfield, no state court action was pending raising the same issues and arguments, and no split existed in the Minnesota courts over the substantive issues, complicating a federal court's prediction of the Minnesota Supreme Court's views.  Furthermore, all of the relevant parties were represented in the district court action at the time the declaratory judgment action was filed.  W.L.M. did not immediately contest the jurisdiction of the district court, or request abstention.  In fact, W.L.M. filed a counterclaim, and voluntarily submitted herself to the district court's jurisdiction.  The district court did not abuse its discretion in declining to stay or dismiss this case under the abstention doctrine.

**B.    Coverage**

W.L.M. asserts the district court erred in concluding Evanston had no duty to provide coverage to Johns on W.L.M.'s claims because Johns was incapable of "intent" due to mental illness, and without intent, the policy exclusions should not control. Orders granting motions for declaratory judgment in an insurance coverage dispute are reviewed de novo.  See Essex Ins. Co. v. Davidson, 248 F.3d 716, 718 (8th Cir. 2001) (stating, "question[s] of insurance contract construction [are] . . . review[ed] de novo.").  We also review the district court's interpretation of state contract law de novo.  See Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn., 356 F.3d 850, 859 (8th Cir. 2004) (citation omitted).

The district court determined Evanston need not defend or indemnify Johns against W.L.M.'s claims arising out of the sexual assault.  Evanston directs our court to two policy exclusions: one which precludes coverage for sexual abuse or molestation and a separate exclusion which precludes coverage for claims "arising out of the actual or alleged physical contact . . . of a sexual nature with any person by any insured."

**Exclusion 1**

The first exclusion precludes coverage for claims arising out of: "The actual or threatened abuse or molestation or licentious, immoral or sexual behavior whether or not intended to lead to, or culminating in any sexual act, of any person, whether caused by . . . any insured, his employees, or any other person."  No part of this exclusion implies that intent on the part of the insured is a necessary prerequisite to the application of this exclusion.  To the contrary, the language of this exclusion clearly precludes coverage for actual abuse or molestation or licentious sexual behavior even if the behavior was "not intended to lead to, or culminating in any sexual act."

The presence or lack of intent does not control the outcome of this suit. Although the criminal code requires intent, which may or may not be present in this

-5-

case,[3] the Evanston policy exclusion is broader than the criminal code. The exclusion precludes coverage for claims arising out of actual or threatened sexual behavior "whether or not intended to lead to, or culminating in a sexual act." W.L.M.'s claim arising from Johns's conduct is expressly omitted from coverage by this exclusion.

### Exclusion 2

While exclusion 1 precludes coverage, exclusion 2 is even more clear. Exclusion 2 denies coverage for claims arising out of "the actual or alleged physical contact . . . of a sexual nature with any person by any insured. No defense or indemnity will be provided to any person or entity for any claim or suit based upon such sexual misconduct."[4] W.L.M.'s claim arises out of physical contact of a sexual nature by Johns—his touching W.L.M.'s genitalia and digital penetration of her vagina during the massage. As such, W.L.M.'s claim also is excluded from coverage under this second exclusion.

## III.   CONCLUSION

The language of the two exclusions is clear and excuses Evanston from any duty to defend or indemnify Johns for the claims asserted by W.L.M. arising out of Johns's August 30, 2003 massage misconduct. We affirm the district court.

_____

---

[3]While the outcome does not require the presence of intent, it is arguable the record indicates Johns may have possessed the requisite "intent." See 18 U.S.C. § 2246(2)(C).

[4]One might argue Johns's actions were not "misconduct" because Johns did not understand the nature of his actions were wrongful. Even if Johns's acts were not wrongful in his mind, his conduct unquestionably was "misconduct" and thus covered by the exclusion.