# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1356

_____

Selective Insurance Company of America, a New Jersey corporation

*Plaintiff - Appellee*

v.

Smart Candle, LLC, a Minnesota limited liability company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 12, 2015
Filed: March 26, 2015

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Smart Candle, LLC, sells light-emitting diode (LED) flameless candles and commercial lighting systems internationally. On October 31, 2011, Excell Consumer Products sued Smart Candle under the Lanham Act alleging that, among other things, Smart Candle's use of the trade name and trademark "Smart Candle" infringed rights that Excell had over use of that name and trademark. Excell sought a permanent

injunction against Smart Candle's use of the name, trademark, and domain name "smartcandle.com."

Selective Insurance Company insured Smart Candle between October 18, 2010, and October 18, 2012, and during that period the Excell suit had commenced. Smart Candle requested that Selective defend Smart Candle in that suit, but Selective disclaimed coverage under the policy. Selective pointed to relevant portions of the policy that cover "personal and advertising injury," which the policy defines as injury resulting from, among other things, "Infringing upon another's copyright, trade dress or slogan in your 'advertisement.'" Excluded from that coverage of "personal and advertising injury," however, is any injury "arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights." The exclusion clarifies that it "does not apply to infringement in your 'advertisement' of copyright, trade dress or slogan." Because the policy required Selective to defend only suits claiming infringement of "copyright, trade dress[,] or slogan," Selective insisted, Selective had no duty to defend Smart Candle against Excell's suit for infringement of the "Smart Candle" trademark.

Smart Candle wrote Selective ten months later requesting reconsideration. Selective again disclaimed coverage, noting Excell's claims for infringement of its "mark" or "trademark." Because Excell did not claim infringement of a "slogan" or "copyright," Selective explained, it had no duty to defend or indemnify Smart Candle. Excell won its suit after a bench trial. See Excell Consumer Prods. Ltd. v. Smart Candle LLC, No. 11 C 7220, 2013 WL 4828581 (S.D.N.Y. Sept. 10, 2013).

In April 2013, Selective filed an action in federal court in Minnesota for a declaration that Selective owed no duty to defend or indemnify Smart Candle in the Excell lawsuit. Smart Candle counterclaimed for breach of contract. As part of those counterclaims, Smart Candle asserted that Selective had not conducted "any reasonable investigation of Excell's Claims" in that lawsuit, including "a review of

Smart Candle's website . . . or any of Smart Candle's advertising before denying coverage." Selective denied that allegation and moved for summary judgment. Smart Candle in turn moved for partial summary judgment.

The district court[1] granted summary judgment in favor of Selective. The court noted that the insurance policy did not define "slogan," so the "popular and ordinary meaning" applied. To determine whether "Smart Candle" qualified as a slogan and thus, as Smart Candle argued, whether Excell's suit could qualify as one for infringement of that slogan, the court reviewed the allegations in Excell's suit. Excell, the court pointed out, "explicitly based its complaint on the improper use of 'Smart Candle' as a mark, trademark, trade name, and name," and therefore no reasonable jury would conclude that Excell was suing for slogan infringement. The court also concluded that Selective had no duty to investigate "beyond the four corners of the complaint" to determine whether other facts could be interpreted to trigger Selective's duty to defend or indemnify. Last, the court explained that interpreting "trademark" also to mean "slogan" would render meaningless the policy's differentiation of the two terms, contrary to the rules of contract interpretation in Minnesota. Thus, the court concluded, Smart Candle failed to establish a prima facie case for coverage, and Selective was entitled to declaratory judgment. Smart Candle appeals that ruling.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, Grinnell Mut. Reinsurance Co. v. Schwieger, 685 F.3d 697, 700 (8th Cir. 2012); the grant of a motion for declaratory judgment, Evanston Ins. Co. v. Johns, 530 F.3d 710, 713 (8th Cir. 2008); and the district court's interpretation of state insurance law, Grinnell Mut., 685 F.3d at 700.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Under Minnesota law, insurance policies are interpreted in accordance with the intent of the parties. Thommes v. Milwaukee Ins. Co., 641 N.W.2d 877, 879 (Minn. 2002). Ambiguities are resolved in favor of the insured, but unambiguous language is given its "plain and ordinary meaning." Id. at 880. An insurer has a duty to defend when any part of a claim is arguably within the scope of coverage. Brown v. State Auto. & Cas. Underwriters, 293 N.W.2d 822, 825–26 (Minn. 1980). Under Minnesota law, the insurer assumes two duties: to defend and to indemnify. The duty to defend is broader than the duty to indemnify; therefore, if the court concludes there is no duty to defend, then there also is no duty to indemnify. Id.; see Meadowbrook, Inc. v. Tower Ins. Co., 559 N.W.2d 411, 415 (Minn. 1997).

Smart Candle's insurance policy with Selective excludes coverage for suits based on trademark but grants coverage for suits based on infringement of a slogan. "Slogan" is not defined in the insurance policy; but because that term is unambiguous, the "plain and ordinary meaning" applies. We previously have turned to a dictionary entry for "slogan" when the insurance policy left that term undefined, finding two definitions: "(1) 'a word or phrase used to express a characteristic position or stand or a goal to be achieved' and (2) 'a brief attention-getting phrase used in advertising or promotion.'" Interstate Bakeries Corp. v. OneBeacon Ins. Co., 686 F.3d 539, 546 (8th Cir. 2012) (quoting MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY 1174 (11th ed. 2005)). Thus, the question is whether any of Excell's claims arguably were based on Smart Candle's use of "Smart Candle" as "a brief attention-getting phrase" or to "express a characteristic position or stand or a goal."

Smart Candle argues that it is entitled to indemnification for its costs to defend against Excell's claims because, Smart Candle insists, Excell's lawsuit was arguably based on Smart Candle's use of the phrase "Smart Candle" as a slogan or as both a trademark *and* a slogan. Smart Candle asserts that the record contains ample evidence of its use of that phrase as a slogan: "Smart Candle" (the phrase) purportedly was used to "educate[] its customers" that Smart Candle (the company)

-4-

"expresses a characteristic, position or stand, or goal to be achieved." That goal, Smart Candle urges, is "to promote a line of battery-operated candles as a safe, economical alternative to a real wax candle."

We disagree with Smart Candle. The words "Smart Candle," on their own, do not express a position or stand or goal. Nor are those words, alone, "attention-getting." The words simply are the trademarked name of the company, used for product recognition. Compare that to, say, Nike, which the parties mentioned at oral argument. The trade name of this multinational corporation is recognizable, and another company using that name easily could be confused with the purveyor of athletic apparel. Nike also has a slogan—"Just Do It"— which serves as an "attention-getting" catchphrase that generates product recognition beyond the trade name. "Smart Candle," however, conveys no information about the product and adds no recognition beyond the trade name. That phrase does not suggest the product's "stand" or "goal to be achieved," nor does it "educate" about the company's purported goal to "promote a line of battery-operated candles as a safe, economical alternative to a real wax candle." Cf. Cincinnati Ins. Co. v. Zen Design Grp., Ltd., 329 F.3d 546, 556–57 (6th Cir. 2003) (concluding that use of word "Sapphire" in advertisement named only the product, but phrase "The Wearable Light" constituted a "brief attention-getting phrase" to promote third-party's product and triggered insurer's duty to defend).

We note that, in some circumstances, it is possible that a trademark could also be a slogan. See, e.g., Blau Plumbing, Inc. v. S.O.S. Fix-It, Inc., 781 F.2d 604, 609 (7th Cir. 1986) (explaining that a mark "need not be the name of the brand" and instead "can be a slogan . . . or something else intended to remind the consumer of the brand"); accord Cincinnati Ins. Co., 329 F.3d at 556; MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 342 (4th Cir. 2001). But that is not what happened here. In its amended complaint, Excell specifically claimed trademark and trade-name infringement based on Smart Candle's use of "Smart Candle" as its trade name.

Though the words in the complaint alone are not necessarily dispositive, Excell's complaint does not include a claim for "slogan infringement" or anything that resembles a claim of slogan infringement. Nor does the complaint refer to "Smart Candle" as a slogan or a "phrase"; the allegations refer to "Smart Candle" as only a mark, trademark, trade name, or (in the case of the website "smartcandle.com") a domain name. Though Smart Candle asserts that it used "Smart Candle" as a slogan on its website and in advertisements, it is the Excell allegations that instruct whether the policy was triggered. See Interstate Bakeries, 686 F.3d at 546; Ross v. Briggs & Morgan, 540 N.W.2d 843, 848 (Minn. 1995). Because there are no allegations in the complaint—in either substance or form—regarding misuse of a slogan, Selective properly concluded that its duty to defend had not been triggered. And without a duty to defend, Selective also has no duty to indemnify Smart Candle for the defense costs. See Tower Ins. Co., 559 N.W.2d at 415.

Smart Candle also asserts that Selective was required to look beyond Excell's complaint to determine whether there was an "arguable" claim of slogan infringement before denying coverage. Smart Candle says Selective admitted it reviewed Smart Candle's website before denying coverage when Selective denied an allegation in Smart Candle's counter-complaint that Selective did not conduct any investigation.

This secondary argument deserves little attention. Minnesota law requires an examination of the complaint only, unless the pleadings arguably raise a claim that is within the scope of coverage. See Garvis v. Employers Mut. Cas. Co., 497 N.W.2d 254, 258 (Minn. 1993); Brown, 293 N.W.2d at 825–26. As we concluded above, the Excell pleadings do not arguably raise a claim of slogan- or copyright infringement. Selective thus had no obligation to look beyond the complaint. Even if, as Smart Candle insists, Selective had viewed Smart Candle's website, nothing there suggests that Excell was claiming slogan infringement. Evidence of Smart Candle's use of the words "Smart Candle" does not establish what Selective knew or reasonably could have learned about Excell's actual use—a key question when determining whether

-6-

Excell raised a slogan-infringement claim that would trigger Selective's duty to defend. See Interstate Bakeries, 686 F.3d at 546; see also St. Surfing, LLC v. Great Am. E & S Ins. Co., 776 F.3d 603, 609 (9th Cir. 2014) ("Street Surfing's purported use of 'Street Surfing' as a slogan in its *own* advertising is irrelevant. The policies' coverage extends only to Street Surfing's infringement of *another's* slogan."). Moreover, to the extent that it could be informative on this issue, Smart Candle's own use of the words on the website—which includes the words "Smart Candle" inside of a speech bubble— more resembles a "mark" than a slogan. See Blau Plumbing, 781 F.2d at 609 (noting that a trademark "need not even be a word; it can be . . . a distinctive shape, or something else intended to remind the consumer of the brand"). Several of the webpages repeatedly use the word "smart," and one page asserts that "smart is our company's motto." But as the district court explained, using "smart" as a motto is not the same as using "Smart Candle" as a slogan.[2]

We affirm the district court's grant of summary judgment in favor of Selective.

_____

_____

[2] And because it is insufficiently distinct, "smart" likely would not be protected under the Lanham Act. See Insty*Bit, Inc. v. Poly-Tech Indus., Inc., 95 F.3d 663, 672–73 (8th Cir. 1996).